# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VINCENT ARAGON,

     Plaintiff,

v.                                  No. 22-cv-855-MIS-SCY

FNU DENNIG, NEW MEXICO
CORRECTIONS DEPARTMENT,

     Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiff Vincent Aragon's Complaint, filed on June 16, 2022, in the Thirteenth Judicial District Court of New Mexico, County of Cibola, and removed to this Court by Defendants on November 10, 2022. (Doc. 1) (the "Complaint"). Aragon is in the custody of the New Mexico Corrections Department (NMCD), he is proceeding pro se. He claims that Defendants are acting with deliberate indifference to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to amend.

I.     Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts, taken from the Complaint are true.

Aragon alleges that in the year preceding the commencement of this lawsuit, and continuing upon its filing, he had a hernia that caused him pain and discomfort. (Doc. 1 at 5). He

alleges that he needs hernia surgery but his treating physician, Dr. Dennig, is pursuing an alternative treatment plan of over-the-counter pain medication and a hernia belt. (Doc. 1 at 5-6). Aragon alleges that this course of treatment has not worked at all. (Doc. 1 at 5). Aragon has filed multiple grievances requesting hernia surgery, but because Dr. Dennig ordered an alternative treatment plan instead of surgery, the prison officials deem the grievances resolved without granting the relief Aragon seeks. (Doc. 1 at 5, 16). Aragon alleges that Dr. Dennig is acting deliberately indifferent to his serious medical needs by denying, delaying, or intentionally interfering with necessary medical treatment. (Doc. 1 at 6). He alleges, further, that on one occasion, his over-the-counter medication was taken during a shakedown (it is not clear by whom) and was not returned. (Doc. 1 at 5-6).

II.     Discussion.

A.     Standard of Review.

Where, as here, a prisoner civil rights action is removed from state court, the Court screens the claims under 28 U.S.C. § 1915A.  *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials, even if they are removed from state court).  Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Aragon is pro se, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While pro se pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

   B.  § 1983 Pleading Standards.

   Aragon's claims arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Under § 1983, state or local officials "acting under color of state law" may be held liable for violating a person's federally protected rights. *Id.*

   A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

   C.  Standards Governing Deliberate Indifference to Serious Medical Needs.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments, including "the unnecessary and wanton infliction of pain." U.S. Const. Amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Id.* at 104. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105.

To state a viable claim for deliberate indifference, the plaintiff must plead sufficient facts to satisfy objective and subjective components. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The objective component requires plaintiff to allege that he had a sufficiently serious medical need—i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The subjective component requires the plaintiff to show that the defendant knew the plaintiff faced a substantial risk of harm, but the defendant disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

Relief under § 1983 for Eighth Amendment violations is not available in cases of accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition. *Estelle*, 429 U.S. at 105-06. Nor do allegations showing a difference of opinion between the prison's medical staff and the inmate concerning the inmate's diagnosis or treatment state a viable claim. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum*,

439 F.3d at 1231; *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). A prisoner's disagreement with a diagnosis or a prescribed course of treatment does not amount to a violation of his Eighth Amendment rights. *Taylor v. Ortiz*, 410 F. App'x 76, 79 (10th Cir. 2010).

    D.  <u>The Complaint Does Not State a Viable § 1983 Claim.</u>

    1.  <u>§ 1983 Claims Against NMCD Must Be Dismissed With Prejudice.</u>

Though there are no specific allegations against it, Plaintiff has identified NMCD as a defendant in this lawsuit. Any potential claim against NMCD is not cognizable under § 1983. Only a "person" acting under color of state law may be held liable under § 1983. It is well-established that the state—and by extension its executive departments and agencies—is not considered a "person" in the § 1983 context. *Hern v. Crist*, 735 P.2d 1151, 1155 (N.M. Ct. App. 1987) ("[T]he Department of Corrections is not a 'person' within the meaning of Section 1983."). § 1983 claims against NMCD are barred by sovereign immunity. *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) ("arms of the state" such as state agencies "partake in the State's [sovereign] immunity[.]"). Aragon's § 1983 claims against NMCD must therefore dismissed with prejudice.

    2.  <u>The Complaint Does Not State a Viable Claim Against Dr. Dennig</u>.

The allegations in the Complaint against Dr. Dennig show that Dr. Dennig and Aragon disagree about the appropriate course of treatment for Aragon's hernia. That Aragon believes that surgery is required and Dr. Dennig believe that an alternative course of treatment is appropriate is a difference of opinion that does not give rise to an actionable Eighth Amendment violation. *Taylor*, 410 F. App'x at 79. The claim must therefore be dismissed.

To the extent Aragon believes that prison officials acted with deliberate indifference to his serious medical needs by confiscating his over-the-counter medication or otherwise, he may file an amended complaint identifying exactly who did what to whom in violation of his constitutional

rights. If he chooses to file an amended complaint, Aragon should endeavor to name as defendants the officials whose conduct is at issue and to abide by the pleading standards set forth above.

    III.   <u>Leave to Amend</u>.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Aragon shall be granted a thirty-day deadline within which to file an amended complaint pertaining to his civil rights claims. If Aragon declines to file an amended complaint by the deadline, the Court may dismiss the case with prejudice.

_____
UNITED STATES DISTRICT JUDGE